IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| GENESIS FINANCIAL SOLUTIONS, INC., | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) ) | |
| v. | ) ) ) | No. 09-2104-STA |
| NATIONAL CAPITAL MANAGEMENT, LLC; | ) ) ) ) | |
| Defendant/Counter-Plaintiff. | ) ) | |

_____

**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING
PLAINTIFF'S MOTION TO STRIKE**
_____

Before the Court is Plaintiff/Counter-Defendant Genesis Financial Solutions, Inc.'s Motion to Dismiss Defendant's Counterclaim and Motion to Strike Jury Request (D.E. # 24) filed on August 17, 2009. Defendant/Counter-Plaintiff National Capital Management, LLC filed a response in opposition to the instant motion (D.E. # 21) on August 28, 2009. Plaintiff filed a reply brief (D.E. # 24) on September 16, 2009. For the reasons set forth below, Plaintiff's Motion to Dismiss is **DENIED** and Motion to Strike is **GRANTED**.

BACKGROUND

Defendant National Capital Management, LLC, alleges that it entered into an agreement ("Predecessor Agreement") with Plaintiff Genesis Financial Solutions, Inc. whereby Plaintiff would sell to Defendant accounts that would be legally enforceable debts as defined by the agreement. Countercl. ¶ 1. On October 8, 2008, Defendant and Plaintiff entered into a second agreement ("Current Agreement") that completely replaced the Predecessor Agreement. *Id*. at ¶

2.  Under the Current Agreement, Plaintiff submitted accounts for Defendant to purchase on October 13, 2008 and on November 10, 2008 which Plaintiff held out to be conforming under the Current Agreement. *Id*. at ¶ 3. Defendant paid to Plaintiff the full price Plaintiff presented as the value under the Current Agreement for those accounts. *Id*.

On November 17, 2008, Defendant informed Plaintiff that a substantial portion of the accounts it purchased did not conform to the terms of the Current Agreement for reasons including but not limited to: (1) accounts where enforcement at law was barred by the applicable statute of limitations in violation of Section 5.6 of the Current Agreement and (2) accounts that did not satisfy the condition of having "marketable title" as required by Section 9.2 of the Current Agreement. *Id*. at ¶ 4. After a review of the accounts submitted by Plaintiff, on November 19, 2008, Defendant made a demand for a refund of the purchase price for those accounts that did not conform to the terms of the Current Agreement. *Id*. at ¶ 5.

Additionally, the Defendant contends that the Plaintiff submitted to it for purchase accounts that had been partially or completely satisfied by the originating debtor which did not conform to the Current Agreement. *Id*. at ¶ 6. The Defendant also alleges that Plaintiff failed to provide necessary documentation as required by Bankruptcy Law procedures. *Id*. at ¶ 7. Defendant notified Plaintiff that it would terminate the Current Agreement due in part to the lack of sufficient documentation as required by bankruptcy law and Section 4 of the Current Agreement. *Id*. at ¶ 8. Defendant demanded repayment for the non-conforming accounts in the amount of $ 203,280.59. *Id*. To date, Defendant alleges it has not received payment. *Id*. at ¶ 8. In its Counterclaim, the Defendant asserts claims for breach of contract, indemnification, breach of the covenant of good faith and fair dealing, violations of the Tennessee Consumer Protection

Act, and seeks a declaratory judgment.

In the instant Motion before the Court, the Plaintiff argues that out of statute Chapter 13 accounts are as a matter of law legal, valid, and binding obligations.  Therefore, Plaintiff contends that it did not breach its Agreements with Defendant and as such Defendant's Counterclaim must be dismissed.  In the alternative, Plaintiff asserts that Defendant's sole remedy for nonconforming accounts is reassignment to Plaintiff.  Finally, Plaintiff asks this Court to strike Defendant's jury request.

In response, the Defendant contends that out of statute accounts are not enforceable and thus Plaintiff breached the Current Agreement by selling it such accounts.  The Defendant also argues that it is not limited to one remedy for nonconforming accounts because the Agreement does not contain a clearly expressed intent by the parties that the sole remedy for nonconforming accounts is reassignment.

In its reply brief, the Plaintiff again asserts that out of statute accounts are legal, valid, and binding obligations and that Defendant's sole remedy for non-conforming accounts is reassignment.

## STANDARD OF REVIEW

A party may move to dismiss a claim or counterclaim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the counterclaim as true and construe all of the allegations in the light most favorable to the non-

moving party.[1]  However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2]  "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3]  "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[4]  The Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[5]  The plausibility standard ensures that "a district court... retain[s] the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."[6]  In this way, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court."[7]

In short, on a motion to dismiss, the Court must construe the pleading in the light most

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).  *See also United Ass'n of Journeymen & Apprentices of the Plumbing and Pipefitting Indus., Local 577 v. Ross Bros. Constr. Co.*, 191 F.3d 714, 716 (6th Cir. 1999) (analyzing sufficiency of counterclaim under Rule 12(b)(6)).

[4] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

[6] *Twombly*, 127 S. Ct. at 1967 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters,* 459 U.S. 519, 528 n. 17, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983)).

[7] *Twombly*, 127 S. Ct. at 1966 (citations omitted).

favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[8] Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[9]

## ANALYSIS

### A. *Motion to Strike Jury Request*

As an initial matter, the Plaintiff contends that the parties waived their rights to a jury trial in the Purchase Agreements. Therefore, the Plaintiff asks this Court to strike Defendant's jury request set forth in the Scheduling Order. In response to the instant Motion, the Defendant notes "if GFS prefers a Bench Trial in this claim, NCM has no objections to same." Since Defendant has no objection to this matter being heard without a jury, Plaintiff's Motion to Strike Jury Request is **GRANTED**.

### B. *Motion to Dismiss CounterClaim*

As an initial matter, the instant Motion before the Court focuses primarily on Defendant's breach of contract counterclaim. In fact, Plaintiff does not even brief Defendant's indemnification claim, breach of good faith and fair dealing claim, Tennessee Consumer Protection Act claims, or pursuit of a declaratory judgment. In its reply brief, Plaintiff does

---

[8] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974).

[9] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

assert that Defendant's indemnification claim is not appropriate for a motion to dismiss standard but does not mention Defendant's other claims.

*1. Breach of Contract*

To state a claim upon which relief can be granted for a breach of contract claim under Tennessee law a party must allege: (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract.[10] For purposes of this Motion, the Court finds that Defendant alleges sufficient facts on each of these elements to survive a Rule 12(b)(6) motion to dismiss.

The Defendant alleges that the parties entered into agreements on July 31, 2008, Predecessor Agreement, and on October 8, 2008, the Current Agreement.[11] The Plaintiff does not deny that the parties entered into both agreements. On November 17, 2008, Defendant informed Plaintiff that a substantial portion of the accounts submitted for its purchase did not conform to the terms of the Current Agreement because (1) enforcement was barred by the applicable statute of limitations and (2) title was not marketable.[12] On November 19, 2009, Defendant demanded a refund of the purchase price for those accounts.[13] Defendant contends by providing it with these non-conforming accounts for purchase, Plaintiff breached the terms of the Current Agreement. More specifically, the Defendant contends that out of statute accounts are not legal, valid, and binding obligations as required by the Current Agreement since out of

---

[10] *C&W Asset Acquisition, LLC v. Oggs*, 230 S.W. 3d 671, 677 (Tenn. Ct. App. 2007).

[11] Countercl. ¶ 2.

[12] *Id*. at ¶ 4.

[13] *Id*. at ¶ 5.

statute accounts are unenforceable.  Defendant seeks damages as a result of Plaintiff's alleged breach of contract.[14]

In the Motion before the Court, Plaintiff's primary argument is that Defendant's Counterclaim fails to state a claim for relief because "Genesis did not breach its Agreements with NCM" by providing out of statute accounts for purchase.  Plaintiff contends that such accounts are in fact legal, binding, and valid obligations as required by the Agreement.  In short, Plaintiff asks this Court to determine that Section 5.6 of the Current Agreement undisputedly includes out of statute accounts.  The Court, however, finds as a matter of law that Section 5.6 of the Current Agreement is ambiguous on its face.  As such, the Court lacks sufficient information to determine if out of statute accounts are included in Section 5.6 solely from the language of the Agreement.

The Counterclaim alleges that the parties contracted only for accounts in which the statute of limitations had not yet run.  Accepting the Counterclaim as true, for purposes of this Motion, the Court will construe the Current Agreement to exclude out of statute accounts.  Therefore, Defendant has sufficiently alleged that Plaintiff's provision of out of statute accounts constituted a breach of the Current Agreement.

As noted above, to prevail on a 12(b)(6) motion, Defendant must simply allege facts that support the elements of a breach of contract claim.  Here, Defendant has done so.  Defendant has alleged (1) the parties entered into an Agreement, (2) Plaintiff breached the Agreement by providing non-conforming accounts, i.e. out of statute accounts, and (3) Defendant seeks

---

[14] *Id*. at ¶ 29.

damages.  As such, Defendant has sufficiently stated a breach of contract claim.[15]

In its response to the instant Motion, the Defendant seems to contend that it is entitled to indemnification for any losses suffered in relation to "The Fagan Litigation" under the terms of the Predecessor Agreement.  According to the Defendant, it purchased two accounts obligating Patrick and Christine Fagan under the Predecessor Agreement.  The Fagans have since filed a lawsuit against Defendant alleging it violated their rights under the Fair Debt Collection Procedures Act.  In its reply brief, the Plaintiff contends that any determination of indemnification at this stage is premature.  The Court would agree.

At this stage, the Court is simply concerned with whether the Defendant has sufficiently pled its right to contractual indemnification it in its Counterclaim.  Defendant has done so.

Defendant alleges that under the terms of Section 12.1 of the Current Agreement, Plaintiff "must indemnify it from any loss, claim, liability, damages, costs, and expenses . . . that is based upon any breach by GFS of any representation or agreement contained in the Current Agreement."[16]  Despite arguing that a determination of indemnification is inappropriate at this stage, Plaintiff has offered no other basis to conclude that Defendant has failed to state a claim for contractual indemnification.

---

[15] Fed. R. Civ. P. 8(a) states in pertinent part: "A pleading that states a claim for relief must contain: . . . (2) a short and plan statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

[16] Countercl. ¶ 14.  Plaintiff has attached the Current Agreement to the Complaint, and so pursuant to Fed. R. Civ. P. 10(c), the Court may consider it as part of the pleadings. Fed. R. Civ. P. 10(c) ("[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

In its Counterclaim, Defendant also alleges that Plaintiff breached its duty of good faith and fair dealing, Defendant seeks a declaratory judgment, and asserts a claim under the Tennessee Consumer Protection Act.  Plaintiff does not assert that Defendant has failed to state a claim for relief as to these additional claims.  As such, the Court will not examine these claims at present.

Finally, the Plaintiff asks this Court to determine that Defendant's Counterclaim fails to state a claim for relief because "it is contractually limited to 1 remedy and thus barred from seeking relief from this Court."  Since this Court has simply determined that Defendant sufficiently pled a breach of contract claim in its Counterclaim, any determination of a remedy for breach at this stage is premature.

## CONCLUSION

Since Defendant's Counterclaim sufficiently states a claim for relief as discussed above, Plaintiff's Motion to Dismiss is **DENIED**.  Defendant's Motion to Strike Plaintiff's Jury Request is **GRANTED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 19th, 2010.