UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GENESIS FINANCIAL SOLUTIONS, INC., | ) | |
| | ) | |
| **Plaintiff/Counter-Defendant,** | ) | |
| | ) | |
| v. | ) | No. 09-cv-02104-STA-cgc |
| | ) | |
| NATIONAL CAPITAL MANAGEMENT, LLC., | ) | |
| | ) | |
| | ) | |
| **Defendant/Counter-Plaintiff.** | ) | |

_____

ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATE OF
APPEALABILITY
_____

Before the Court is Plaintiff's Motion for a Certificate of Appealability (D.E. # 107),

filed on November 1, 2011.  Defendant filed a Response in Opposition to Plaintiff's Motion

(D.E. # 108) on November 10, 2011.  For the reasons set forth below, Plaintiff's Motion is

**DENIED**.

BACKGROUND

This suit began on February 20, 2009, with Plaintiff's filing of a Complaint alleging

breach of contract and anticipatory breach of contract, declaratory judgment, indemnification,

breach of the implied covenant of good faith and fair dealing, and fraudulent misrepresentation.

(D.E. # 1.)  On April 29, 2009, Defendant filed an Amended Answer with Counterclaims, which

included breach of contract, indemnification, breach of the implied covenant of good faith and

fair dealing, declaratory judgment, and violation of the Tennessee Consumer Protection Act.

(D.E. # 9.)

1

Defendant then moved for summary judgment on all of Plaintiff's claims and its own

claim for breach of Section 9 of the Current Agreement.  (D.E. # 81.)  After the parties'

extensive briefing, the Court issued an Order granting in part and denying in part Defendant's

summary judgment motion ("the Summary Judgment Order").  (D.E. # 106.)  While the

Summary Judgment Order resolved the parties' breach of contract claims, remaining claims

include Defendant's Tennessee Consumer Protection Act ("TCPA") claim and breach of good

faith and fair dealing and Plaintiff's claim for fraudulent misrepresentation.

In the Motion now before the Court, Plaintiff requested the Court to direct entry of a

judgment on claims adjudicated in the Summary Judgment Order.  In its Motion, Plaintiff

focuses on "preserv[ing] its appellate rights and avoid[ing] . . . misfortune."  (D.E. # 107-1 at 5.)

Plaintiff noted that "[t]he nebulous nature of the rules poses the risk that a litigant, who might

prefer to delay an intended appeal of an adverse partial summary judgment decision until the

conclusion of the case, might lose his right to appeal by failing to appeal within [thirty] days of

the partial summary judgment order."  (*Id.* at 4.)  Accordingly, Plaintiff moved "for certification

of any and all adjudicated claims that might be eligible for immediate appeal as a result of" the

Order.

In response, Defendant cited to Sixth Circuit case law interpreting Federal Rule of

Procedure 54(b) ("Rule 54(b)") and pointed out that Plaintiff "ha[d] not articulated any grounds

warranting certification in the present case in light of" the case law's factors.  (D.E. # 108 at 2.)

Accordingly, Defendant argued that Plaintiff's Motion should be denied.

## ANALYSIS

Rule 54(b), which addresses "judgment on multiple claims or involving multiple parties," provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Rule 54(b) was designed to facilitate the entry of an order of final judgment in a multi-claim/multi-party action where the parties demonstrated a need for making review available on some of the claims or parties before entry of final judgment as to all."[1]

District courts follow a two-step process when making decisions under Rule 54(b).  First, the court must "determine that it is dealing with a 'final judgment.'"[2] "Judgments" rest upon cognizable claims for relief, and for a judgment to be "final," it must be an ultimate disposition of an individual claim entered in the course of a multiple-claims action.[3]  Next, the district court determines whether there is any just reason for delay.[4]  The Supreme Court has noted that "[n]ot

---

[1]     *Soliday v. Miami Cnty., Ohio*, 55 F.3d 1158, 1163 (6th Cir. 1995) (quoting *Coal. for Equitable Minority Participation v. Metro. Gov't of Nashville & Davidson Cnty.*, 786 F.2d 227, 230 (6th Cir. 1986)).

[2]     *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

[3]     *Id.*

[4]     *Id.* at 8.

all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."[5]

In deciding "whether there are no just reasons to delay the appeal of individual final judgments in [a] setting such as this, a district court must take into account judicial administrative interests as well as the equities involved."[6] District courts consider the administrative interests "to assure that application of [Rule 54(b)] effectively 'preserves the historic federal policy against piecemeal appeals.'"[7] Additionally, claims' "significance for Rule 54(b) purposes turns on their interrelationship with the claims on which certification is sought."[8] Throughout its Rule 54(b) evaluation, district courts act as "dispatchers," exercising their discretion to determine the appropriate time when each final decision in an action with multiple claims is ready for appeal.[9]

The Sixth Circuit has identified a non-exhaustive list of factors for district courts to consider when deciding whether to designate an order a final judgment:

> (1) the relationship between the adjudicated claim and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issues a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay,

---

[5]      *Id.*

[6]      *Id.*

[7]      *Id.*

[8]      *Id.* at 9.

[9]      *Id.* at 8.

economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.[10]

The first factor—the relationship between the adjudicated and unadjudicated claims—favors certification when the claims are "separate and independent so that the appellate court will not have to consider the same issues again if a second appeal is brought."[11]  When weighing all of the factors, a district court must also "determine whether the needs of the parties outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding that prompt review is preferable."[12]  Furthermore, Rule 54(b) is "not to be used routinely, or as an accommodation to counsel."[13]

Here, the parties have alleged multiple claims for relief, and the Summary Judgment Order resolved the breach of contract claims.  Other claims for relief, including breach of good faith and fair dealing, fraudulent misrepresentation, and the TCPA claim, await further action. Therefore, the Court finds that this action involves multiple claims for relief, and Plaintiff's Motion satisfies the first step of the Rule 54(b) evaluation.

However, the Court finds just cause to delay the appeal of the parties' breach of contract claims, and it does not find just cause to certify an immediate appeal.  Plaintiff has not met its burden to demonstrate that a partial judgment should be entered under Rule 54(b).  Plaintiff failed to address any of the factors listed in *Pittman* and *Corrosioneering*.  Rather, Plaintiff

---

[10]     *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 430 (6th Cir. 2008) (quoting *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)).

[11]     *Justice v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir. 1994).

[12]     *Lowery v. Fed. Exp. Corp.*, 426 F.3d 817, 822 (6th Cir. 2005) (quotation omitted).

[13]     *Local Union No. 1812, United Mine Workers of Am. v. Bethenergy Mines, Inc.*, 992 F.2d 569, 572 (6th Cir. 1993).

appears concerned with when it should file a Notice of Appeal to the Summary Judgment Order, not whether the breach of contract claims adjudicated in that Order are claims meriting certification under Rule 54(b).

Even if Plaintiff had squarely focused on reasons supporting a Rule 54(b) certification, the claims adjudicated in the Summary Judgment Order are ineligible for immediate appeal under Rule 54(b)'s requirements. First, the breach of contract claims are not separate and distinct from the remaining fraudulent misrepresentation, bad faith, and TCPA claims; to the contrary, they are intertwined and have the same underlying factual basis. The same negotiations, statements, and representations made during the drafting and signing of the contract at issue overlap to form the basis of the parties' respective claims for fraudulent misrepresentation, bad faith, and TCPA claims. The Court finds that the first factor weighs against certification.

Second, on November 10, 2011, the parties filed an Agreed Motion for an Extension of Time to File Defendant's Motion for Damages as required by the Summary Judgment Order.[14] The parties indicated that they had "engaged in meaningful settlement negotiations in an effort to resolve all issues" remaining before the Court. Therefore, the need for review of the Summary Judgment Order could be mooted if a settlement is reached. As such, the Court finds that the second factor also weighs against certification. While the third factor appears inapplicable, the fourth factor also weighs against certification. A judgment in Defendant's favor on its

---

[14]    (D.E. # 109.) The parties requested an extension of time until December 19, 2011, and the Court granted it. (D.E. # 110.)

counterclaims of Plaintiff's alleged TCPA violation and bad faith could result in a set-off against any judgment Plaintiff may receive on the breach of contract claims from a successful appeal.

Finally, an appeal of the breach of contract claims while the TCPA, bad faith, and fraudulent misrepresentation claims remain unresolved would be an inefficient use of judicial resources, and certification would run counter to the historic federal policy against piecemeal litigation. The meaning of the contract and which party breached it are but pieces of this case's puzzle; the case ought to be determined as a whole before it moves on to appeal—if an appeal is even necessary after the parties' settlement negotiations. Therefore, the Court finds that even if Plaintiff had met its burden of establishing that a partial final judgment should be entered pursuant to Rule 54(b), the *Pittman* and *Corrosioneering* factors weigh against entering such a judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 15, 2011.